# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

1) TAYLOR BURKE, as the Personal )
Representative of the Estate of )
Thomas Gay, Deceased )
 )
 )
             Plaintiff, )   Case No. 20-CV-244 CVE-FHM
vs. )
 )
1) THE CITY OF BARTLESVILLE )
 )
2) OFFICER JESSICA PITTS )
 )
3) OFFICER WILLIAM LEWIS )
 )
 )
 )
             Defendants )

## ANSWER OF DEFENDANT CITY OF BARTLESVILLE

COMES NOW the Defendant, City of Bartlesville, (hereinafter "Defendant" or "Defendant Bartlesville"), by and through its attorney of record, Scott B. Wood, of the law firm of Wood, Puhl & Wood, P.L.L.C., located in Tulsa, Oklahoma, and in answer to Plaintiff's Complaint, hereby denies each and every allegation set forth therein, except for those material allegations admitted herein, allege and state as follows:

1. Defendant admits Thomas Gay was shot on June 19, 2019, by Officer Jessica Pitts, as alleged in paragraph 1 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraphs 2, 3, and 4 of Plaintiff's Complaint.

3. Defendant is without sufficient information to form a belief regarding the allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore denies the same. Defendant denies any violations of Fourth amendment rights occurred.

4. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in paragraphs 7 and 8 of Plaintiff's Complaint.

6. Defendant re-states and re-asserts its responses to paragraphs 1-8 in response to paragraph 9.

7. Defendant is without sufficient information regarding the allegations made in paragraphs 10, 11, and 12 of Plaintiff's Complaint and therefore denies the same.

8. Defendant admits Willis called the Bartlesville Police Department and reported, among other things, that he was acting paranoid as alleged in the first sentence of paragraph 13 of Plaintiff's Complaint. Defendant denies the allegations of sentence two and three of paragraph 13 of Plaintiff's Complaint, as stated.

9. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

10. Defendant admits the allegation in the first sentence of paragraph 15 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of Plaintiff's Complaint. The allegations contained in the third sentence are admitted.

11. Defendant denies the allegations contained in the first sentence of paragraph 16 of Plaintiff's Complaint. Defendant admits the allegations contained in the second sentence of paragraph 16.

12. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint, as stated. Defendant does admit Thomas Gay went to a back bedroom.

13. Defendant denies the allegation contained in the first sentence of paragraph 18. Defendant admits the allegation that Officer Lewis deployed his Taser (for a second time) contained in the second sentence. Defendant denies the allegations contained in the third and fourth sentences of paragraph 18 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

15. Defendant admits Officer Pitts shot Thomas as alleged in the paragraph 20 of Plaintiff's Complaint, but the remaining allegations of paragraph 20 are denied.

16. Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

17. Defendant admits Thomas was pronounced dead at the scene as alleged in paragraph 22 of Plaintiff's Complaint.

18. Defendant is without sufficient information regarding the allegations made in paragraph 23 of Plaintiff's Complaint and therefore denies the same.

19. Defendant denies the allegation contained in paragraph 24 of Plaintiff's Complaint.

20. Defendant is without sufficient information regarding the allegations made in paragraphs 25, 26, and 27 of Plaintiff's Complaint and therefore denies the same.

21. Defendant denies the allegations contained in paragraphs 27 and 28 of Plaintiff's Complaint.

22. Defendant admits Thomas was never placed under arrest as alleged in paragraph 29 of Plaintiff's Complaint. Defendant denies Thomas was not warned he would be shot by Officer Pitts by virtue of her pointing her gun at Thomas during his physical struggle with Officer Lewis.

23. Paragraph 30 of Plaintiff's Complaint is an incomplete statement of the law which requires no response.

24. Defendant denies the allegations contained in paragraphs 31, 32, 33, 34, and 35 of Plaintiff's Complaint.

25. Defendant re-states and re-asserts its responses to paragraphs 1-35 in response to paragraph 36.

26. Defendant denies the allegations contained in paragraphs 37 and 38 of Plaintiff's Complaint.

27. Defendant admits it had officers involved in shootings in 2016 and 2018, but denies the allegations of how they occurred contained in paragraphs 39 and 40 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraphs 41, 42, and 43 of Plaintiff's Complaint.

29. Defendant re-states and re-asserts its responses to paragraphs 1-43 in response to paragraph 44.

30. Defendant admits the allegations contained in paragraphs 45 and 46 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraphs 47, 48, 49, 50, 51, and 52 of Plaintiff's Complaint.

32. Defendant re-states and re-asserts its responses to paragraphs 1-52 in response to paragraph 53.

33. Defendant denies the allegations contained in paragraphs 54, 56, 57, 58, 59, 60, 61, 62, 63 and 64 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Plaintiff has failed to state a cause of action upon which relief can be granted against this answering Defendant.

2. Defendant affirmatively states that no constitutional violation took place. Therefore, there can be no liability on the part of Defendant City of Bartlesville.

3. All actions by the Defendants Lewis and Pitts were objectively reasonable and in good faith.

4. Defendants Lewis and Pitts were properly trained and supervised.

5. Defendant affirmatively states that the City of Bartlesville does not have a policy or custom for allowing an excessive use of force.

6. The City of Bartlesville has no policies or customs that were the moving force or cause behind any constitutional rights violations suffered by the Plaintiff, if any.

7. Defendant affirmatively states that the injuries, damages or losses sustained by Plaintiff's decedent were solely and proximately caused by his own unlawful conduct.

8. Defendant affirmatively states that the injuries, damages or losses sustained by Plaintiff were solely and proximately caused by the wrongful and unlawful conduct of the decedent Thomas Gay.

9. Defendant affirmatively states that Defendants Lewis and Pitts had reasonable suspicion or probable cause for any and all actions taken by them, and that they acted at all times objectively reasonable and in good faith.

10. Defendants Lewis and Pitts are entitled to qualified immunity.

11. Defendant states that at all times relative to the claims made by Plaintiff, Defendants Lewis and Pitts acted solely in their official capacity as police officers for the City of Bartlesville.

12. Defendant affirmatively pleads indemnity, contribution, and offset.

13. Defendant City of Bartlesville reserves the right to amend its answer and additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant City of Bartlesville prays that the Plaintiff take nothing by virtue of his Complaint and that this Defendant be granted judgment against the Plaintiff for all costs of defending this action, including a reasonable attorney's fee.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*/s/ Scott B. Wood*
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
2409 E. Skelly Drive, Suite 200
Tulsa, Oklahoma 74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*Attorney for Defendant City of Bartlesville*

**CERTIFICATE OF SERVICE**

This is to certify that on June 29, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen
Laura L. Hamilton
John W. Warren

/s/ Scott B. Wood